IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CR-21-128-R |
| | ) |
| ARNULFO PEREZ, a/k/a Bro, | ) |
| JUAN BENIGNO VAZQUEZ | ) |
| GONZALEZ, a/k/a Flaco, | ) |
| LILIANA PADRON-PEREZ, | ) |
| CESAR MAXIMINO FRANCO | ) |
| MORALES, RAMON GUADAUPE | ) |
| SANCHEZ, III, KE'ANDRE | ) |
| DEWAYNE WILSON, and EMILY | ) |
| RIOS, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Before the Court is the Motion to Sever filed by Defendant Liliana Padron-Perez (Doc. No. 146).[1] The Government responded in opposition to the motion. (Doc. No. 156). Upon consideration of the parties' submissions, the Court finds as follows.

Defendant Padron-Perez is charged with conspiracy, maintaining a drug-involved premises and possession of a firearm in connection with a drug trafficking offense, three of the twelve counts in an indictment filed against seven defendants. Defendant Padron-Perez "anticipates that her and her co-defendants defense will be mutually antagonistic. Ms. Padron-Perez's defense is that she is not the money collector for the drug trade

---

[1] Defendant Juan Benigno Vaquez Gonzalez also filed a motion to sever. The Government represents that he intends to enter a plea of guilty and therefore, although it responded to his motion, the Court will not address the issue as it has been rendered moot.

organization as alleged by the government. She also claims innocence as to the allegations set out in the two additional substantive counts. For the jury to believe Ms. Padron-Perez it would necessarily have to disbelieve to defenses of one or more co-defendants." (Doc. No. 146, Padron-Perez, pp. 5-6). She further asserts that the use of co-conspirator hearsay will violate her rights under the Confrontation Clause.

Under Ru14 14 of the Federal Rules of Criminal Procedure, if joinder "appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). The Indictment charges all defendants with conspiracy to possess with intent to distribute and to distribute controlled substances. The Federal Rules of Criminal Procedure allow for joinder if the defendants "are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). In a conspiracy trial where the "evidence overlaps and the offenses arise from the same series or acts or transactions," joinder is favored. *United States v. Scott*, 37 F.3d 1564, 1579 10th Cir. 1994). The Tenth Circuit recognizes "a presumption in a conspiracy trial that coconspirators charged together preferably should be tried together." *United States v. Pursley*, 577 F.3d 1204, 1215 (10th Cir. 2009).

> The Tenth Circuit has articulated a three-step inquiry to guide lower courts in considering a defendant's motion to sever. *United States v. Pursley*, 474 F.3d 757, 765 (10th Cir. 2007). First, courts must consider "whether the defenses presented are 'so antagonistic that they are mutually exclusive.'" *Id*. (quoting *United States v. Peveto*, 881 F.2d 844, 857 (10th Cir. 1989)). Second, "a defendant must further show 'a serious risk that a joint trial would compromise a specific trial right ... or prevent the jury from making a reliable judgment about guilt or innocence.'" *Id*. (quoting *Zafiro*, 506 U.S. at 539). Third, and finally, courts must "weigh[ ] the prejudice to a particular

> defendant caused by joinder against the obviously important considerations of economy and expedition in judicial administration." *Id*. (citing *Peveto*, 881 F.2d at 857).

*United States v. Barnes*, No. 20-1486-KG, 2021 WL 3355218, * 3 (D.N.M. Aug. 2, 2021).

Although Defendant Padron-Perez argues that her defense will be antagonistic to that of her co-defendants, she has not established that the defenses to be offered will be "so antagonistic that they are mutually exclusive," (Doc. 146, p. 4) that is, "the conflict between the defendants' defense such that the jury, in order to believe the core of one defense, must *necessarily* disbelieve the core of the other." *See United States v. Jones*, 530 F.3d 1292, 1304 (10th Cir. 2008)(internal quotations omitted)(emphasis added). Defendant Padron-Perez simply argues that the jury could not believe her defense unless it disbelieved the defenses of one or more co-defendants. Defendant's stated intention to disclaim involvement in the alleged conspiracy or to argue her innocence with regard to the two other counts against her is insufficient to establish the existence or potential for antagonistic defenses.[2]

Defendant further argues that the use of co-defendant hearsay unrelated to the evidence against her will result in prejudice. The Government responds by noting that a statement made by a co-conspirator in furtherance of a conspiracy is not testimonial, and therefore not subject to *Bruton v. United States*, 391 U.S. 123 (1968) or *Crawford v. Washington*, 541 U.S. 36 (1987). *See, e.g., United States v. Clark*, 717 F.3d 790, 816 (concluding that statements that a coconspirator made in furtherance of the conspiracy are

---

[2] To the extent Defendant Padron-Perez argues that a single trial runs the risk of "spillover effect," her argument is insufficient to establish prejudice. *Id.* at 1303.

nontestimonial, and therefore "fall outside the protective ambit of the Confrontation Clause and, by extension, *Bruton*."). At this juncture, Defendant Padron-Perez has not presented any indication of anticipated testimony that would violate her rights. Therefore, there is no basis for granting her a separate trial so as to preserve her rights under the Confrontation Clause.

For the reasons set forth herein, Defendant Padron-Perez's Motion to Sever is DENIED.

IT IS SO ORDERED this 31st day of August 2021.

*[signature]*

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE