# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CR-21-128-R |
| ) | |
| ) | |
| LILIANA PADRON-PEREZ, ET AL., ) | |
| ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court is the Motion to Suppress Evidence Seized in Search of Residence at 1143 N.W. 92nd Street, Oklahoma City, OK and Brief in Support filed by Defendant Liliana Padron-Perez. The United States responded in opposition to the motion. Upon consideration of the parties' submissions, the Court finds as follows.

Defendant is one of seven individuals charged with conspiracy and various other drug trafficking crimes. Movant Liliana Padron-Perez is charged with conspiring to possession with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine (Count 1), as well as a count charging that she maintained a place—1143 N.W. 92nd Street, Oklahoma City—for purposes of storing, using, and distributing methamphetamine (Count 8). She is also charged with possession of a firearm in furtherance of a drug-trafficking crime (Count 9). By the instant motion Defendant Liliana Padron-Perez requests that the Court suppress trace amounts of

methamphetamine, a firearm and other evidence relating to the charged offenses because the search of her home violated her rights under the Fourth Amendment.

On April 27, 2021, Special Agent Juan Domenech of the Drug Enforcement Administration ("DEA") swore an affidavit in support of his request for a warrant to search 1143 N.W. 92nd Street, Oklahoma City, Oklahoma. He indicated therein a belief that the following would be located on the property: (1) proceeds of the sale of illegal narcotics including large sums of currency and methamphetamine; (2) electronic and communications equipment used to facilitate the illegal narcotics enterprise, including computers and cellular telephones (and their contents); (3) documents, records, ledgers, and other documents, firearms and currency being proceeds of or related to distribution, sale or possession of illegal narcotics and items used to document the sale of narcotics; and (4) items tending to establish control or possession of the address or a vehicle.

In support of the request for warrant Agent Domenech provided his relevant background and experience. As a basis for probable cause, Agent Domenech set forth certain events starting in November 2020. Specifically, a confidential source purchased one pound of methamphetamine from Leslie Gomez, a known distributor of methamphetamine. Gomez left the site of the sale and went to the Los Amigos Tire Shop. Gomez was subsequently arrested, a fact about which the DEA was made aware in January 2021. At the time of her arrest Gomez was in possession of more than two kilograms of methamphetamine which she indicated she received from "Bro" who resided at 1307 S. Blackwelder Avenue, Oklahoma City. In February 2021, Gomez participated in a Rule 11 interview. She told investigators she was distributing methamphetamine and drug proceeds

for "Bro" and had been since October 2020.[1] Gomez told investigators that on several occasions she delivered the proceeds of her drug sales to "Lilly" who lived at 1313 Westwood Ave, Oklahoma City. When shown a photograph of Liliana Padron-Perez, Gomez identified her as "Lilly," and told agents she had seen boxes of methamphetamine at Lilly's residence.

Defendant Liliana Padron-Perez was subject to a traffic stop in January 2021 while driving a black Dodge Challenger, license plate JTJ95. Investigators had seen that vehicle at Los Amigos Tire Shop in Oklahoma City. During the traffic stop Liliana Padron-Perez identified her residence as 1143 N.W. 92nd Street, Oklahoma City.

In March 2021, law enforcement outside Oklahoma arrested a cooperating defendant with a large quantity of methamphetamine. The cooperating defendant told investigators the methamphetamine had been obtained from the drug trafficking organization with which Liliana Padron-Perez worked, and that the cooperating defendant had been introduced to Liliana Padron-Perez in January 2021. Thereafter the cooperating defendant distributed methamphetamine at Liliana Padron-Perez's direction. The cooperating defendant stated that Liliana Padron-Perez handled the finances for the organization and identified the home at 1143 N.W. 92nd, Street as the location utilized by Liliana Padron-Perez for drug trafficking and as her residence. Officers conducting surveillance at the property observed the Dodge Challenger driven by Liliana Padron-Perez in the driveway at 1143 N.W. 92nd Street, Oklahoma City.

---

[1] At the time of the affidavit the DEA believed "Bro's" name to be Ulises Merino-Vasquez. In response to the motion, the Government states Gomez was distributing on behalf of Defendant Juan Benigno Vasquez Gonzales.

Defendant argues that the search warrant issued by a judge in the District Court of Oklahoma County was defective in a number of ways: (1) the affidavit in support of the warrant failed to establish probable cause; (2) the warrant failed to establish a nexus between the items sought and the premises to be searched; (3) the warrant authorized too general of a search, based on the warrant and the affidavit; and (4) the warrant cannot be salvaged by the good faith exception set forth in *United States v. Leon*, 468 U.S. 897, 916 (1984). The Government contends the warrant was sufficient to establish probable cause and suffers from none of the infirmities argued by Defendant.

The Fourth Amendment protects the right of citizens to be free from unreasonable searches and seizures. U.S. Const. amend. IV. To that end, the Fourth Amendment mandates that a warrant be supported by probable cause. *United States v. Russian*, 848 F.3d 1239, 1244 (10th Cir. 2017). An affidavit in support of a warrant establishes probable cause when it contains "facts sufficient to lead a prudent person to believe that a search would uncover contraband or evidence of criminal activity." *United States v. Danhauer*, 229 F.3d 1002, 1006 (10th Cir. 2000). In the context of drug distribution, the Tenth Circuit has said, "[i]f law-enforcement officers have probable cause to believe that a person is a supplier of illicit drugs, then the officers have probable cause to search the person's home for such contraband and evidence." *United States v. Sanchez*, 555 F.3d 910, 912 (10th Cir. 2009).

The magistrate presented with a warrant application must make a "practical, common-sense decision based on the totality of the circumstances as set forth in the affidavit." *United States v. Rowland*, 145 F.3d 1194, 1204 (10th Cir. 1998)(internal quotation marks omitted). The Court affords great deference to the issuing judge's

probable-cause determination unless there is "no substantial basis for concluding that probable cause existed." *United States v. Danhauer*, 229 F.3d 1002, 1006 (10th Cir. 2000) (internal quotation marks omitted).

The Court finds that Juan Domenech's affidavit establishes probable cause that Liliana Padron-Perez was distributing drugs.[2] The affidavit outlines agent Domenech's experience and things known by him based on this experience. Doc. 186-2. The affidavit includes information from Leslie Gomez and a cooperating defendant, both of whom implicate Defendant Liliana Padron-Perez in drug trafficking and in the drug trafficking organization tied to Los Amigos Tire Shop. Gomez identified Liliana Padron-Perez as the person to whom she delivered drug proceeds; although she indicated that, prior to her January 2021 arrest, she did so at an address different than the one identified in the search warrant, her statements still tie Liliana Padron-Perez to drug trafficking activity. In January 2021 Liliana Padron-Perez identified her residence as 1143 N.W. 92nd during a traffic stop and a cooperating defendant arrested in March 2021 identified this same address as belonging to Liliana Padron-Perez and as the location where drug proceeds were taken after sales undertaken at the direction of Liliana Padron-Perez.

The Tenth Circuit puts drug trafficking in a special class of crimes and has not "required particular facts to support the inference that a drug trafficker keeps his supply at his residence." *See United States v. Mora*, 989 F.3d 794, 801 (10th Cir. 2021)**.** Here, the affidavit states Agent Domenech's knowledge that drug traffickers conceal controlled

---

[2] Defendant divides her arguments about probable cause and the absence of a nexus; however, the presence of a nexus is required for probable cause.

substances and evidence of financial transactions related to narcotics trafficking in their residence. *See e.g., United States v. Sanchez*, 555 F.3d 910, 914 (10th Cir. 2009) (determining that probable cause a suspect was a drug supplier justified the search of his home because drug suppliers often keep contraband in their homes); *United States v. Sparks*, 291 F.3d 683, 689-90 (10th Cir. 2002)(when police officers have probable cause to believe that a suspect is involved in drug distribution, there is also probable cause to believe that additional evidence of drug-trafficking crimes will be found in his residence).

Defendant correctly argues that the presence of a nexus is required for a probable cause finding. *United States v. Biglow*, 562 F.3d 1272, 1279-80 (10th Cir. 2009). This requirement, however, may be met by the issuing judge's reasonable inferences drawn from evidence where a drug suspect is likely to store contraband or an opinion of officers as to where contraband may be kept.

Defendant also argues that the warrant did not describe with particularity the items to be seized. In addition to requiring that a warrant be supported by probable cause the Fourth Amendment also requires that a warrant describe with particularity "the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. This particularity requirement protects against general warrants and ensures "that a search is confined in scope to particularly described evidence relating to a specific crime for which there is demonstrated probable cause" so that "general, exploratory rummaging in a person's belongings" is avoided. *United States v. Leary*, 846 F.2d 592, 600 (10th Cir. 1988) (citations omitted). The particularity requirement is satisfied when the description "enables the searcher to reasonably ascertain and identify the things authorized to be seized." *Id.*

(citation omitted). A warrant describing "items to be seized in broad and generic terms may be valid if the description is as specific as circumstances and nature of the activity under investigation permit." *United States v. Wicks*, 995 F.2d 964, 973 (10th Cir. 1993) (quoting *United States v. Harris*, 903 F.2d 770, 775 (10th Cir. 1990)). Citing *United States v. Hervey*, 804 F. App'x 969 (10th Cir. 2020), the government argues that the warrant is sufficiently particular.

The Court in *Hervey*, quoting its earlier decision in *United States v. Harris*, 903 F.2d 770 (10th Cir. 1990), noted, "a drug dealing business[ ] makes it difficult to list with any greater particularity the books and records desired to be seized which evidences such activity." *Hervey*, 804 F. App'x at 972 (quoting *Harris*, 903 F.2d at 775). The items listed in the warrant are sufficiently descriptive given the nature of the investigation, and it is apparent from the description of the items for which law enforcement would be searching that this was an investigation into a drug trafficking operation. *See United States v. Villanueva*, 821 F.3d 1226, 1238-39 (10th Cir. 2016)( Noting that the court has repeatedly "upheld search warrants cast in comparably broad terms, where the subject of the search was a drug trafficking or drug dealing business, and where the circumstances permitted only a more general listing of the items to be seized.")(quoting *United States v. Wicks*, 995 F.2d 964, 973 (10th Cir.1993)). Based on the above, the Court concludes that Defendant has failed to meet her burden of establishing the invalidity of the search warrant with regard to the house at 1143 N.W. 92nd Street, Oklahoma City, Oklahoma.

Furthermore, even if Defendant established that the warrant was defective, the Government has established that it is entitled to rely on the good faith exception to the

7

exclusionary rule. Although the Court's conclusion that Defendant has not met her burden of establishing the invalidity of the warrant obviates the need for the Court to consider the good faith exception set forth in *Leon*, the Court nevertheless addresses the issue in light of Defendant's arguments throughout her motion that the exception is not appropriate. Under the good faith exception "even if a warrant is not supported by probable cause, evidence seized in good-faith reliance on that warrant is not subject to suppression." *United States v. Knox*, 883 F.3d 1262, 1270 (10th Cir. 2018)(citing *United States v. Leon*, 468 U.S. at 922 (1984)). If the warrant authorizing a search was not supported by probable cause, evidence obtained pursuant to the search need not be suppressed if the officer executing the warrant acted in good-faith reliance on a judge's approval. When determining whether this exception applies in a given case, the Court generally presumes "officers executed a search warrant in objective good faith." *United States v. Campbell*, 603 F.3d 1218, 1230 (10th Cir. 2010). However, this presumption disappears when an affidavit supporting a warrant is "so facially deficient ... that the executing officers cannot reasonably presume it to be valid." *Leon*, 468 U.S. at 923.

When the search is of a home, the good-faith exception applies if the affidavit supporting the warrant establishes a "minimally sufficient nexus between the illegal activity and the place to be searched." *United States v. Campbell*, 603 F.3d 1218, 1231 (10th Cir. 2010) (internal quotation marks omitted). This nexus requirement is less than what is required to show probable cause. *See United States v. Barajas*, 710 F.3d 1102, 1110–11 (10th Cir. 2013). To find a minimal nexus, there need not be "hard evidence or personal knowledge of illegal activity link[ing] a Defendant's suspected unlawful activity

8

to his home." *Campbell*, 603 F.3d at 1231 (internal quotation marks omitted). The information contained in the affidavit of DEA Juan Domenech was sufficient to fulfill the nexus requirement and the warrant was not so facially deficient that an officer could not in good faith presume it to be valid.

For the reasons set forth herein, Defendant's Motion to Suppress is DENIED.

**IT IS SO ORDERED** this 4th day of October 2021.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE